UNITED STATES DISTRICT COURT NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

HENRY C. LATHAM,

               Plaintiff,

        -versus-

JOHN,

               Defendant.

---------------------------------------------------------x

                             MEMORANDUM AND ORDER

                             13-CV-1468 (JG)

JOHN GLEESON, United States District Judge:

        *Pro se* plaintiff Henry C. Latham filed this action on March 18, 2013.  I grant his request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.  Because I am unable to determine what claim he is advancing, I dismiss the complaint without prejudice.

    A.    *Discussion*

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A *pro se* complaint, however, "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted), and this Court must liberally construe a *pro se* plaintiff's pleadings and interpret his complaint to raise the strongest arguments it suggests.  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

        Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although courts must give *pro se* pleadings a liberal construction, "the

basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79, n.11 (2d Cir. 2004).

Construing Latham's complaint liberally, I find that it fails under Rule 8 because it is illegible and unintelligible.[1]  Dismissal for non-compliance with Rule 8 is appropriate where, as here, the complaint is "so confused . . . [or] otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted); *see also Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 527-28 (2d Cir. 2005) (affirming dismissal of a *pro se* complaint because unintelligible).

B.    *Conclusion*

The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  *In forma pauperis* status is denied for purpose of an appeal because any appeal from this order would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

So ordered.


John Gleeson, U.S.D.J.

Dated: April 1, 2013
       Brooklyn, New York

---

[1]    Latham has numerous other incomprehensible complaints in this court.  *See Latham v. Saint Mary Hospital*, No 12 Civ. 4692 (dismissed on November 13, 2012); *Latham v. Tyson*, No. 12 Civ. 4691 (dismissed on November 13, 2012); *Latham v. Latham*, No. 12 Civ. 4561 (dismissed on September 19, 2012); *Latham v. Transit Adjudicate*, No. 11 Civ. 4183 (dismissed on October 6, 2011); *Latham v. Fitzgerald*, No. 11 Civ. 4728 (dismissed on October 6, 2011); *Latham v. Father Pat Fitzgerald St. Frances 31 St. NYC*, No. 11 Civ. 4386 (dismissed on September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4582 (dismissed on September 29, 2011); *Latham v. Latham*, No. 11 Civ. 4219 (dismissed on September 1, 2011); *Latham v. 29 Gallatin Place Brooklyn*, No. 11 Civ. 2726 (dismissed on June 13, 2011); *Latham v. 800 Poly Place*, No. 10 Civ. 5697 (dismissed on December 17, 2010); *Latham v. Latham*, No. 10 Civ. 3915 (dismissed on December 14, 2010); *Latham v. John*, No. 10 Civ. 3445 (dismissed on August 26, 2010); *Latham v. N.Y. Harbor*, No. 10 Civ. 2768 (dismissed on August 26, 2010); *Latham v. Transit Auth. Civil Gov't*, No. 10 Civ. 2047 (dismissed on July 26, 2010); *Latham v. John*, No. 09 Civ. 3398 (dismissed on August 20, 2009); *Latham v. Transit Auth. Civil*, No. 09 Civ. 1009 (dismissed on July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, No. 08 Civ. 2522 (dismissed on July 17, 2008); *Latham v. VA Outpatient Hosp.*, No. 06 Civ. 6758 (dismissed on January 11, 2007); *Latham v. Kingsboro Psychiatric Ctr.*, No. 06 Civ. 1140 (dismissed on April 10, 2006); *Latham v. N.Y. Psychotherapy*, No. 04 Civ. 2945 (dismissed on September 3, 2004); *Latham v. Iappil*, No. 02 Civ. 2523 (dismissed on June 27, 2002).